# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RODNEY BRADY,
        Plaintiff,

Case Number: 10-10375

v.

HON. LAWRENCE P. ZATKOFF

GREG SCOTTEK RN, DANIEL DUCATT,
JOHN DOE, DARLENE LNU,

HON. VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

        Defendants.

_____ /

## REPORT AND RECOMMENDATION

This *pro se* prisoner case is before the court on several motions referred by the district judge on October 26, 2010. These are defendants' Motion to Revoke *In Forma Pauperis* Status (#12)[due to plaintiff being subject to the "three strikes" prohibition of 28 U.S.C. §1915(g)], Motion to Stay (#13)[1], and plaintiff's Motion for Default Judgment as to Scottek et. al. (#15) and Motion for Default Judgment as to All Defendants (#16). For the reasons discussed in this report, it is recommended that defendants' motions be granted, plaintiff's motions be denied, and case dismissed without prejudice unless plaintiff pays the full filing fee within thirty days from the acceptance of this Report and Recommendation by the district judge.

Plaintiff brings this suit under 42 U.S.C. §1983 and alleges that on August 29, 2009, he was given a shot by defendant Scottek to which he had an allergic reaction. Nurse Darlene LNU saw him afterwards and she took his blood pressure and stated that the it was

---

[1]This non-dispositive motion is granted by separate order filed this date.

high. He also complained at that time of fever and sore throat. He was put on the list to see the doctor. On September 2, 2009, he saw Dr. Ducatt who diagnosed an infection and gave plaintiff the antibiotic Cipro. After 11 days plaintiff was taken to the hospital and a kidney infection was diagnosed; plaintiff states this was the result of the allergic reaction to the medication. He suffered in pain for four days until he saw Dr. Ducatt and then for additional time until he went to the hospital. Further, he states that there is mass starting to grow on his kidney and this is also the result of the shot. These circumstances occurred while plaintiff was incarcerated at the Egler Reception & Guidance Center (R&GC), a facility of the Michigan Department of Corrections. Only RN SCOTTEK has been served and he is represented by the state Attorney General. Documents were returned to the Marshals, unexecuted, for Darlene LNU and Dr. Daniel Ducatt. No service has been attempted on John Doe.

**1. Plaintiff Is Subject to the Three Strikes Rule of 28 U.S.C. §1915(g)**

The complaint was initially reviewed and *in forma pauperis* status granted by Magistrate Judge Whalen. No mention is made of any review to determine whether this plaintiff was subject to the three strikes prohibition. Under the Prison Litigation Reform Act of 1996, a prisoner is prevented from proceeding *in forma pauperis* when the prisoner repeatedly filed meritless lawsuits. Courts have found that this provision is express and unequivocal. *Rodney Lionel Brady v. Nolan*[2], 09-cv-186, W.D. MI (Maloney, J.) (Citing *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998) and other cases).

The statute 28 U.S.C. §1915(g) provides in pertinent part:

---

[2]Yes, this plaintiff.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United states that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff does not allege or concede that he is subject to this restriction but the facts show that he is. As found by Judge Maloney in March 2009, plaintiff has three strikes. At that time, plaintiff was not in custody but had initiated the suit while he was in prison and so, the three strikes provision still applied. The court found that plaintiff had at least three prior actions in the Western District which were dismissed for failure to state a claim: *Brady v. Unknown Parties* 1:08-cv-821, *Brady v. Ingham County Correctional Facility*, 1:08-cv-839, *Brady v. Dagen et. al*, 1:08-cv-1133. The court held that the "imminent danger" exception did not apply and dismissed the case, giving plaintiff thirty days to pay the full filing fee.

Likewise, in this court, plaintiff has initiated several suits which have been transferred or dismissed. One is currently pending on appeal from Judge Rosen who granted summary judgment for defendant but permitted an appeal *in forma pauperis*. *Brady v. Alvarado*, 09-13365. Plaintiff alleged that defendant's calling him a snitch put his life in danger. The multiple cases brought by plaintiff are collected in the Report & Recommendation of Magistrate Judge Komives (#21) but Judge Rosen had earlier concluded that the exception for imminent danger was sufficiently presented to continue the case. The case was dismissed for lack of exhaustion of administrative remedies.(#11) Plaintiff made similar allegations in *Brady v. Funches*, 10-10831, a case dismissed by Judge Edmunds under the three strikes provision of §1915(g). (#5)

Therefore, plaintiff is clearly subject to the three strikes rule. His litigation behavior is

3

the epitome of the problem identified by Congress with multiple, meritless filings, and which the statute was intended to correct.

**2. Plaintiff's case is not subject to the exception for "imminent danger."**

At the time he filed the complaint, plaintiff was no longer housed at R&GC but was residing at the G. Robert Cotton facility (JCF). He was no longer subject to the medical treatment or lack thereof from the named defendants. A prisoner's allegation that he faced imminent danger at some time in the past is not sufficient to meet the exception. *Medberry v. Butler*, 285 F.3d 1189, 1193 (11th Cir. 1999). Here, plaintiff has seen several medical professionals, received hospitalization, and has continual treatment through JCF. Although he states that the treatment continues to be inadequate, there is no showing that these defendants are involved or that he is in imminent danger. Further, there is no allegation of any grievances that he filed and it appears that yet again he has failed to exhaust administrative remedies.

Since there is no showing of the imminent danger exception, the case should be dismissed without prejudice unless plaintiff pays the filing fee in full forthwith.

**3. Plaintiff's Motions for Default Should be Denied**

Since plaintiff is barred from filing pursuant to the three strikes rule, it follows that he is not entitled to further relief such an entry of a default. Further, it should be noted that the defendant Darlene LNU is not sufficiently identified for the court to order further attempts at service by the Marshals. If plaintiff pays the filing fee as recommended above and the case continues, the Marshals should be ordered to attempt service on Dr. Ducatt at the address indicated on the correspondence: Prison Health Services, 120 N. Washington Square, Suite

803, Lansing, MI 48933. However, it should be noted that there is no evidence that administrative remedies were exhausted by plaintiff prior to filing, and the allegations before the court in the complaint would appear not to state a claim, as discussed below:

In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 292, 50 L.Ed. 2d 251 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain', *Gregg v. Georgia*, 428 U.S. 153 at 173, 96 S.Ct. 2909 at 2925, 49 L.Ed. 2d 859 (1976), proscribed by the Eighth Amendment." 429 U.S. 104. This standard is two-pronged. The plaintiff must establish deliberate indifference on the part of prison officials and must also demonstrate that the prisoner's medical needs were serious. *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980); *West v. Keve,* 571 F.2d 158, 161 (3rd Cir. 1978).

It is settled that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim for medical mistreatment under the eighth amendment. Medical malpractice does not rise to the level of a constitutional violation merely because the victim is a prisoner. *Estelle v. Gamble*, 429 U.S. at 106. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Where there is an ongoing pattern of treatment, the prisoner's constitutional rights are not infringed. In *Estelle*, for example, the prisoner contended that more should have been done by way of diagnosis and treatment, and suggested a number of options which had not been pursued by the prisoner's doctor. The Court concluded, however, that the decision to order additional diagnostic tests or treatment was a classic example of the exercise of medical judgment and did not represent cruel and

unusual punishment. *Id.* at 107.

**Conclusion**

Accordingly, it is recommended that the case be dismissed without prejudice unless the plaintiff pays the filing in full within thirty days of the district judge's acceptance of this Report & Recommendation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                  S/Virginia M. Morgan
                                                  Virginia M. Morgan
                                                  United States Magistrate Judge

Dated: December 27, 2010

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on December 27, 2010.

                                              s/J. Johnson
                                              Case Manager to
                                              Magistrate Judge Virginia M. Morgan